```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF TEXAS
              HOUSTON DIVISION
```

| | |
|---|---|
| CORNELIO GONZALEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civ. A. H-14-2880 |
| § | |
| WAL-MART STORES, TEXAS, LLC, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed from state court on October 9, 2014 on diversity jurisdiction and alleging personal injury caused by a premises defect which Defendant Wal-Mart Stores, Texas LLC negligently failed to inspect and of which it failed to warn invitees, is Plaintiff Cornelio Gonzalez's ("Gonzalez's") motion to remand (instrument #9).

**Substantive Law**

The right to remove depends upon the plaintiffs' pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

Under 28 U.S.C. § 1441(a)[1] any state court action over

---

[1] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.* The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281. The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995). Furthermore, "[i]f at any time before final judgment it appears that the district court lacks jurisdiction, the case shall be remanded." 18 U.S.C. § 1447(c).

Under 28 U.S.C. §1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interests and costs. Under 28 U.S.C. § 1441(b), when original federal

jurisdiction is based on diversity, as is claimed by Defendants here, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

In addition to satisfying jurisdictional requirements, a removing defendant must also satisfy procedural requirements. Under 28 U.S.C. § 1446(b), failure to file for removal within 30 days of being served with a copy of the pleading or summons is a procedural defect warranting remand. *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991).[2]  If at first the case is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[3]  The "other paper" under §

---

[2]  Section 1446(b)(1) states in full,

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

[3]  Section 1446(b)(3) provides,

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the

1446(b)(3) may be discovery responses, pleadings, deposition transcripts, and attorney communications.  *Still v. Georgia-Pacific Corp.*, 965 F. Supp. 878, 881 (S.D. Miss. 1997)(and cases cited therein).  Furthermore "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."  *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In addition, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  The absence of such joint consent is a procedural, not a jurisdictional, defect. *Johnson v. Helmerich & Payne, Inc.*, 892 F.3d 422, 23 (5th Cir. 2009).  The removal is procedurally defective if such consent is not timely obtained.  *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992).  Moreover there must be "some timely written indication" of each served defendant's consent.  *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America*, 841 F.2d 1255, 1262 (5th Cir. 1998).  An exception to this rule of joint consent is that nominal or formal parties need not join in the removal petition.  *In re Beazley*, No. 09-20005,2009 WL 7361370, at *4 (5th Cir. May 4, 2009)("To establish the non-removing parties are nominal parties,

---

defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court. In determining whether a party is nominal, a court asks 'whether in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable.' Additionally, a party is nominal if its role is restricted to that of a 'depository or stakeholder,' e.g., one 'who has possession of the funds which are the subject of litigation [and] . . . must often be joined purely as a means of facilitating collection. The test is not dependent on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant."), *citing Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991)("To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against non-removing defendants in state court."); *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 366-67 (5th Cir. 2006).

**Gonzales's Motion to Remand (#9)**

Gonzales moves for remand first on the grounds that Wal-Mart Stores Texas, LLC filed a notice of removal more than thirty days after it was served with the Original Petition, and he attaches as Exhibit A the return of service and as Exhibit B verification of receipt of suit. Gonzales represents that he indicated on the Civil Case Information Sheet, filed on the same

-5-

date as he filed suit in State court, on July 10, 2014, stating that he suffered damages of more than $200,000, that the Civil Case Information Sheet is a public record that could easily have been examined on the district clerk's website on or about July 15, 2014 by Wal-Mart Stores Texas, LLC or its attorney after being served with suit, and that Defendant had to file its notice of removal within thirty days of July 15, 2014.

Furthermore Plaintiff's Amended Original Petition (#1-3 at p.1) asserts its claims are against "Wal-Mart Stores Texas, LLC, "Wal-Mart Stores, East, L.P., and Wal-Mart Stores, Inc. (collectively referred to as 'Wal Mart') Defendants.""  Gonzalez now objects to the removal on the grounds that there is no indication that co-Defendant Wal-Mart Stores East, L.P. ever joined or consented to the removal.

### Wal-Mart's Response (#10)

Noting that Gonzalez's Original Petition, the one served on Defendants on July 15, 2014, did not specify the amount in controversy, Wal-Mart points out that in the Special Exceptions it filed requesting that Gonzalez plead the amount of damages, Gonzalez filed a First Amended Petition on September 29, 2014 stating that he was seeking damages of "over $200,000, but not more than $1,000,000.00".  #1-3 at p. 4.  Wal-Mart then timely removed the suit on October 9, 2014.

Wal-Mart construes Gonzalez's argument about the civil information sheet as constituting the "other paper" referenced in 28 U.S.C. § 1446(b)(3)(see footnote 3 of this Opinion and Order). Gonzalez, in essence, argues that Wal-Mart's removal was untimely

because it should have exercised due diligence by seeking out the district clerk's website and learning from it the amount of damages Gonzalez was seeking when he first filed the suit.

In *Chapman v. Powermatic, Inc.*, 969 F.2d 1603 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993), the plaintiff failed to state the amount of damages sought in his petition, but later specified that sum in an answer to an interrogatory, and the defendant removed within thirty days of receiving that answer to the interrogatory. The plaintiff moved to remand, arguing the removal was untimely because the defendant should have exercised due diligence to determine the amount in controversy at the time the plaintiff filed suit. The Fifth Circuit disagreed and held that the thirty-day removal period is only triggered when the initial petition "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  *Id.* at 163, *reaffirmed, Mumfrey v. CVS Pharmacy, Inc.* 719 F.3d 392, 399-400 (5th Cir. 2013). The panel explained, "We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Id.* at 163.

Furthermore, argues Wal-Mart, in *Morse v. Am. Sec. Ins. Co.*, Civ. A. No. H-10-4604, 2011 WL 332544 (S.D. Tex. Jan. 28, 2011), Judge Rosenthal addressed a situation on point with that in the instant action, in which Rene Morse, a property owner, sued her insurer for damages caused by a hurricane to her home, but failed to state the amount of damages in her petition, filed on

August 16, 2010. Only on November 10, 2010 did Morse provide the insurance company with a letter stating that she sought $225,000 in damages. The insurer filed a notice of removal based on diversity jurisdiction on November 18, 2010, and Morse moved for remand, arguing that the insurance company had notice of the amount in controversy from the civil cover sheet when the suit was filed in state court. Relying on the *Chapman* rule, Judge Rosenthal wrote,

> Courts addressing a similar argument have held that a statement about damages amount in a civil cover sheet is not sufficient to establish the jurisdictional minimum amount in controversy. *See, e.g., Humphreys v. Am. Family Mut. Ins. Co.*, Civ. A. No. 08-CV-01299, 2008 WL 2787344, at *2 (D. Colo. July 15, 2008); *Magdaleno v. L.B. Foster Co.*, Civ. A. No. 06-CV-1882, 2008 WL 496314, at *5-*6 (D. Colo. Feb. 19, 2008). As these opinions recognize, "the election [of the Civil Cover Sheet] is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction. From this representation, the Court cannot determine what law is applicable or whether the plaintiff seeks an amount which can be recovered under applicable law." *Magdaleno*, 2008 WL 496314, at *6. The civil cover sheet is not a pleading and does not contain the certifications required by Rule 11 of the Federal Rules of Civil Procedure. *See id.* at *5 (noting further that "[r]eference to [the Civil Cover Sheet] in the removal does not cure the problem because the attorney signing the notice of removal necessarily is not the attorney who made the election in the Civil Cover sheet."). Considering the representation of the civil cover sheet in combination with the allegations in the petition did not provide sufficient notice to the defendant that the minimum amount in controversy was satisfied.

*Morse*, 2011 WL 332544, at *2; *in accord, Good v. Kroger Texas, L.P.*, No. 4:13-CV-464-A, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5,

2013)(McBryde, J.). Finding that the notice of removal was timely filed, Judge Rosenthal denied the motion to remand. *Id.* at *3.

This Court notes that in *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1214 (D. Colo. 2007), the federal district court wrote,

> The Court concludes that reliance solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible for several reasons. First, the law in the Tenth Circuit is clear. To determine the amount in controversy, this Court may look at the initial pleading (the complaint) or the notice of the removal. A complaint is signed and certified by counsel pursuant to C.R.C.P. 11 and a notice of removal is signed and certified by counsel pursuant to Fed. R. Civ. P. 11. Although there are differences between the two rules, they share common ground in that both require counsel to conduct a reasonable inquiry before filing the document, and to certify to the best of his or her knowledge, information, and belief, that the facts and claims alleged can be supported. Because the Civil Cover Sheet does not contain such certification, it does not constitute reliable evidence of the amount in controversy. Reference to it in the notice or removal does not cure the problem because the attorney signing the notice of removal necessarily is not the attorney who made the election in the Civil Cover Sheet.

As for Gonzalez's second ground in support of his motion to remand, that Wal-Mart Stores East, L.P. did not consent to the removal, Wal-Mart points out that even as early as in its Original Answer in state court (#1-4, Ex. C, first ¶) as the threshold matter Wal-Mart stated that Gonzales incorrectly named Wal-Mart East, L.P. and Wal-Mart Stores, Inc. as Defendants, when the correct Defendant is Wal-Mart Stores, Texas, L.L.C.

This Court notes that Wal-Mart's Original Answer was subject to Texas Rule of Civil Procedure 13(b), which is similar to Federal Rule of Civil Procedure 11: "By presenting to the court a pleading, written motion, or other paper–-whether by signing, filing, submitting or later advocating it–-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  (1) it is not presented for any improper purpose. . . . [and] (3) the factual contentions have evidentiary support . . . ..  Moreover, Wal-Mart's Notice of Removal was subject to Federal Rule of Civil Procedure 11 certification.  In its Notice of Removal (#1, ¶ 9), Wal-Mart Stores Texas, L.L.C. explains its previous and current (unchanged) citizenship and thereby the relationship of the other two entities:

> Defendant, Wal-Mart Stores Texas, L.L.C. is, and at the time of filing of this action was, a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas.  The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business in the State of Arkansas.  Wal-Mart Stores East, L.P., is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart East, Inc., an Arkansas corporation with its principal place of business in the state of Arkansas.

In its response (#10) to Gonzalez's motion to remand, also subject to Rule 11, counsel for Wal-Mart Stores Texas, L.L.C. further explains that he represents all Wal-Mart entities. Given Plaintiff's assertion that Wal-Mart Stores East, L.P. is a proper defendant in this action, counsel represents that Wal-Mart Stores East, L.P. consents to federal jurisdiction, but explains that there was no consent from that entity filed because it is a nominal defendant and not a proper party to this premises liability action and thus not required to join in the petition for removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349, Intern. Printing Pressmen and Assistants' Union of North America*, 427 F.2d 325, 327 (5th Cir. 1970).

Thus for the reasons stated by Wal-Mart Stores Texas, L.L.C. in its response and this Court in this Opinion and Order, the Court

ORDERS that Gonzalez's motion to remand is DENIED.

**SIGNED** at Houston, Texas, this  9th  day of  June , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE